IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ESTHER MAYA, Individually and as the Special Administrator of the Estate of RAUL MAYA VARGAS, Decedent, ) ) ) ) | |
| Plaintiffs, ) | No.: |
| v. ) ) | PLAINTIFF DEMANDS TRIAL BY JURY |
| ROBERT BLESSING and HENIFF TRANSPORTATION SYSTEMS, LLC. ) ) ) | |
| Defendants. ) | |

**COMPLAINT AT LAW**

**COUNT I**
**JURISDICTIONAL ALLEGATIONS**

NOW COME the Plaintiffs, ESTHER MAYA Individually and as Special Administrator of the Estate of RAUL MAYA VARGAS, Decedent, by and through their attorneys, WHITING LAW GROUP, LTD., and complains of the Defendants, ROBERT BLESSING and HENIFF TRANSPORTATION SYSTEMS, LLC., (hereinafter "HENIFF") and states as follows:

1. At all times relevant to this matter, the Plaintiffs, ESTHER MAYA and the Decedent, RAUL MAYA VARGAS, resided in Dry Ridge, Kentucky.

2. At all times relevant to this matter, the Defendant, ROBERT BLESSING, resides in Rainsville, Alabama.

3. At all times relevant to this matter, the Defendant, HENIFF, is an Illinois corporation with its principal place of business in Oak Park, Illinois.

4. This action is properly before this Court due to diversity jurisdiction (28 U.S.C. § 1332) over the parties, in that Plaintiffs are domiciled in Kentucky, the Defendant, HENIFF, is a citizen and corporation of the state of Illinois and the Defendant, ROBERT BLESSING is domiciled in Alabama.

5. That no Plaintiffs or Defendants are citizens of the same state.

6.	The damages suffered by Plaintiffs far exceed $75,000.00, the jurisdictional minimum of this court.

**COUNT II WRONGFUL DEATH NEGLIGENCE**
**ESTHER MAYA Individually and as Special Administrator of the Estate of RAUL MAYA VARGAS, Decedent vs. ROBERT BLESSING and HENIFF**

1.	The Defendant, HENIFF, is a motor carrier under the Federal Motor Carrier Safety Regulations (FMCSRs) with operating authority under Motor Carrier ("MC") Number 342531 and Department of Transportation ("DOT") Number 759493.

2.	On May 20, 2019, a certain semi-tractor bearing Illinois license plate number P00794440, and hauling a certain trailer, was owned, managed, maintained, controlled, and/or leased by HENIFF.

3.	On or before May 20, 2019, the Defendant, ROBERT BLESSING, was a permissive user operating under the Defendant, HENIFF, MC Number 342531 and Department of Transportation ("DOT") Number 759493.

4.	On or before May 20, 2019, the Defendant, ROBERT BLESSING, was working as a professional truck driver within the course and scope of his duties as a permissive user for HENIFF.

5.	On May 20, 2019, the Defendant, ROBERT BLESSING, was travelling northbound on US 45 at or near its intersection with 3400 North Road, in Chebanse Township, County of Iroquois, State of Illinois.

6.	On May 20, 2019, the Decedent, RAUL MAYA VARGAS was a passenger in a pickup truck travelling westbound on 3400 North Road at or near its intersection with US 45 in Chebanse Township, County of Iroquois, State of Illinois.

7.	At all times pursuant hereto, it was the duty of the Defendant, ROBERT BLESSING, to operate the semi-tractor and trailer with ordinary care for the safety of others and the property of others then and there upon said roadway.

8.	At all times pursuant hereto, it was also the duty of the Defendant, ROBERT BLESSING, to operate a semi-tractor and trailer in such a condition so as to not cause a crash.

9. At all times pursuant hereto, under 49 U.S.C. § 14101(a) it was also the duty of the Defendants as motor carriers/brokers that they "shall provide safe and adequate service, equipment, and facilities."

10. That notwithstanding the aforesaid duties as alleged in the proceeding paragraphs, the Defendant, ROBERT BLESSING, then and there carelessly and negligently did, or failed to do one or more of the following acts:

   a. Failed to operate the tractor and trailer at a speed which was reasonable and proper with regard to the conditions which would have prevented the tractor and trailer from colliding with the Plaintiff's vehicle on said roadway;

   b. Failed to keep the proper lookout 12 to 15 seconds ahead when approaching the intersection for vehicles such as the Plaintiffs;

   c. Failed to choose a safe gap for crossing or entering traffic which was necessary to avoid colliding with the Plaintiffs' vehicle;

   d. Failed to decrease speed as was legally required to avoid colliding with the Plaintiffs' vehicle in compliance with the legal requirements and the duty of all persons operating vehicles on the roadway;

   e. Failed to keep proper visual search at all times while operating a tractor and trailer on the roadway and see ahead for dangers when approaching, entering and/or driving through an intersection; and

   f. Failed to recognize potential hazards ahead to avoid colliding with the Plaintiffs' vehicle on the highway.

11. That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendant, ROBERT BLESSING, the tractor and trailer did then and there collide with the vehicle in which the Plaintiffs' ESTHER MAYA and the Decedent, RAUL MAYA VARGAS, were passengers.

12. That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, ROBERT BLESSING, the Decedent, RAUL MAYA VARGAS died on or about May 20, 2019, and the Plaintiff, ESTHER MAYA, was seriously injured.

13. At all times pursuant hereto, pursuant to the F.M.C.S.R. 49. U.S.C. § 14101(a), an interstate motor carrier, broker and/or freight forwarder providing transportation or services subject to the Federal

Motor Carrier Act are liable for damages sustained by a person as a result of an act or omission by that interstate motor carrier, broker and/or freight forwarder in violation of such federal rules and regulations.

14. That the Decedent, RAUL MAYA VARGAS, is survived by his wife, ESTHER MAYA who has sustained substantial pecuniary loss of love, society and companionship by reason of Decedent's death.

15. That on and subsequent to May 20, 2019, the ESTATE OF RAUL MAYA VARGAS, Decedent, did then and there become obligated for various sums of money for the medical, hospital, funeral care and costs of the Decedent, pursuant to the Family Expense Act, 750 ILCS 65/15.

16. That this action is brought pursuant to 740 ILCS 180/1 et seq., commonly known as the Illinois Wrongful Death Act.

WHEREFORE, the Plaintiffs demand judgment against the Defendant, ROBERT BLESSING in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), the minimum jurisdictional amount of this Court, and any and all other relief this Court deems appropriate.

**COUNT III WRONGFUL DEATH NEGLIGENT TRAINING**
**ESTHER MAYA Individually and as Special Administrator of the Estate of RAUL MAYA VARGAS, Decedent vs. HENIFF**

1. The Defendant, HENIFF, is a motor carrier under the Federal Motor Carrier Safety Regulations (FMCSRs) with operating authority under Motor Carrier ("MC") Number 342531 and Department of Transportation ("DOT") Number 759493.

2. On May 20, 2019, a certain semi-tractor bearing Illinois license plate number P00794440, and hauling a certain trailer, was owned, managed, maintained, controlled, and/or leased by HENIFF.

3. On or before May 20, 2019, the Defendant, ROBERT BLESSING, was a permissive user operating under the Defendant, HENIFF, MC Number 342531 and Department of Transportation ("DOT") Number 759493.

4. On or before May 20, 2019, the Defendant, ROBERT BLESSING, was working as a professional truck driver within the course and scope of his duties as a permissive user for HENIFF.

5. On May 20, 2019, the Defendant, ROBERT BLESSING, was travelling northbound on US 45 at or near its intersection with 3400 North Road, in Chebanse Township, County of Iroquois, State of Illinois.

6. On May 20, 2019, the Decedent, RAUL MAYA VARGAS was a passenger in a pickup truck travelling westbound on 3400 North Road at or near its intersection with US 45 in Chebanse Township, County of Iroquois, State of Illinois.

7. At all times pursuant hereto, it was the duty of the Defendant, HENIFF, to exercise ordinary care for the safety of others and property of others then and there upon said roadway in training its drivers in the operation of the semi-tractor and trailer operating under its motor carrier authority.

8. At all times pursuant hereto, it was the duty of the Defendant, HENIFF, as a motor carrier to train its drivers on safe operation of its tractors and trailers.

9. Notwithstanding the aforementioned duty as alleged in the preceding paragraphs, the Defendant, HENIFF, then and there carelessly and negligently committed the following acts:

    a. Carelessly and negligently failed to establish procedures or programs to determine whether its drivers were and/or are fit and capable of properly performing the requirements for the safe operation of its trucks and trailers;

    b. Carelessly and negligently failed to train its drivers on the lookout for potential hazards to avoid a collision;

    c. Carelessly and negligently failed to train its drivers on keeping the proper lookout 12 to 15 seconds ahead while approaching an intersection for vehicles such as the Plaintiffs' while driving said tractor and trailer;

    d. Carelessly and negligently failed to train its drivers on defensive driving rules for safely operating its trucks and trailers to identify and avoid any hazards on the roadway; and

    e. Was otherwise careless and/or negligent.

10. That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendant, HENIFF, the subject tractor and trailer did then and there collide with the vehicle in which the Plaintiff, ESTHER MAYA, and the Decedent, RAUL MAYA VARGAS, were passengers.

11. That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, HENIFF, the Decedent, RAUL MAYA VARGAS died on or about May 20, 2019.

12. At all times pursuant hereto, pursuant to the F.M.C.S.R. 49. U.S.C. § 14101(a), an interstate motor carrier, broker and/or freight forwarder providing transportation or services subject to the Federal Motor Carrier Act are liable for damages sustained by a person as a result of an act or omission by that interstate motor carrier, broker and/or freight forwarder in violation of such federal rules and regulations.

13. That the Decedent, RAUL MAYA VARGAS, is survived by his wife, ESTHER MAYA who has sustained substantial pecuniary loss of love, society and companionship by reason of Decedent's death.

14. That on and subsequent to May 20, 2019, the ESTATE OF RAUL MAYA VARGAS, Decedent, did then and there become obligated for various sums of money for the medical, hospital, funeral care and costs of the Decedent, pursuant to the Family Expense Act, 750 ILCS 65/15.

15. That this action is brought pursuant to 740 ILCS 180/1 et seq., commonly known as the Illinois Wrongful Death Act.

WHEREFORE, the Plaintiffs demand judgment against the Defendant, HENIFF in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), the minimum jurisdictional amount of this Court, and any and all other relief this Court deems appropriate.

**COUNT IV WRONGFUL DEATH NEGLIGENT MONITORING AND SUPERVISION
ESTHER MAYA Individually and as Special Administrator of the Estate of RAUL MAYA
VARGAS, Decedent vs. HENIFF**

1. The Defendant, HENIFF, is a motor carrier under the Federal Motor Carrier Safety Regulations (FMCSRs) with operating authority under Motor Carrier ("MC") Number 342531 and Department of Transportation ("DOT") Number 759493.

2. On May 20, 2019, a certain semi-tractor bearing Illinois license plate number P00794440, and hauling a certain trailer, was owned, managed, maintained, controlled, and/or leased by HENIFF.

6

3. On or before May 20, 2019, the Defendant, ROBERT BLESSING, was a permissive user operating under the Defendant, HENIFF, MC Number 342531 and Department of Transportation ("DOT") Number 759493.

4. On or before May 20, 2019, the Defendant, ROBERT BLESSING, was working as a professional truck driver within the course and scope of his duties as a permissive user for HENIFF.

5. On May 20, 2019, the Defendant, ROBERT BLESSING, was travelling northbound on US 45 at or near its intersection with 3400 North Road, in Chebanse Township, County of Iroquois, State of Illinois.

6. On May 20, 2019, the Decedent, RAUL MAYA VARGAS was a passenger in a pickup truck travelling westbound on 3400 North Road at or near its intersection with US 45 in Chebanse Township, County of Iroquois, State of Illinois.

7. At all times pursuant hereto, it was the duty of the Defendant, HENIFF, to exercise ordinary care for the safety of others and property of others then and there upon said roadway in monitoring and supervising its drivers in the operation of the semi-tractor and trailer operating under its motor carrier authority.

8. At all times pursuant hereto, it was the duty of the Defendant, HENIFF, as a motor carrier to monitor and supervise its drivers on safe operation of its tractors and trailers.

9. Notwithstanding the aforementioned duty as alleged in the preceding paragraphs, the Defendant, HENIFF, then and there carelessly and negligently committed the following acts:

    a. Carelessly and negligently failed to establish procedures or programs to determine whether its drivers were and/or are fit and capable of properly performing the requirements for the safe operation of its trucks and trailers;

    b. Carelessly and negligently failed to train its drivers on the lookout for potential hazards to avoid a collision;

    c. Carelessly and negligently failed to train its drivers on keeping the proper lookout 12 to 15 seconds ahead while approaching an intersection for vehicles such as the Plaintiffs' while driving said tractor and trailer;

  d.  Carelessly and negligently failed to train its drivers on defensive driving rules for safely operating its trucks and trailers to identify and avoid any hazards on the roadway; and

  e.  Was otherwise careless and/or negligent.

10. That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendant, HENIFF, the subject tractor and trailer did then and there collide with the vehicle in which the Plaintiff, ESTHER MAYA, and the Decedent, RAUL MAYA VARGAS, were passengers.

11. That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, HENIFF, the Decedent, RAUL MAYA VARGAS died on or about May 20, 2019.

12. At all times pursuant hereto, pursuant to the F.M.C.S.R. 49. U.S.C. § 14101(a), an interstate motor carrier, broker and/or freight forwarder providing transportation or services subject to the Federal Motor Carrier Act are liable for damages sustained by a person as a result of an act or omission by that interstate motor carrier, broker and/or freight forwarder in violation of such federal rules and regulations.

13. That the Decedent, RAUL MAYA VARGAS, is survived by his wife, ESTHER MAYA who has sustained substantial pecuniary loss of love, society and companionship by reason of Decedents death.

14. That on and subsequent to May 20, 2019, the ESTATE OF RAUL MAYA VARGAS, Decedent, did then and there become obligated for various sums of money for the medical, hospital, funeral care and costs of each of the Decedents, pursuant to the Family Expense Act, 750 ILCS 65/15.

15. That this action is brought pursuant to 740 ILCS 180/1 et seq., commonly known as the Illinois Wrongful Death Act.

  WHEREFORE, the Plaintiffs demand judgment against the Defendant, HENIFF in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), the minimum jurisdictional amount of this Court, and any and all other relief this Court deems appropriate.

Respectfully Submitted,

/s/ Timothy M. Whiting
*One of the Attorneys for Plaintiffs*

Timothy M. Whiting
WHITING LAW GROUP, LTD.
901 W. Jackson Blvd., #400
Chicago, IL 60607
Phone: (312) 372-1655

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 25, 2019, a copy of the foregoing Complaint At Law was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Timothy M. Whiting
Timothy M. Whiting
WHITING LAW GROUP, LTD.
901 W. Jackson Blvd., #400
Chicago, IL 60607
Phone: (312) 372-1655
twhiting@wlglaw.net